**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

**AUG - 2 2017**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |  |
|---|---|---|
| WEE TIONG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 1:17cv1526-RJL |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | **REGARDING ATTORNEYS'** |
| | ) | **EYES ONLY INFORMATION** |
| FEDERAL BUREAU OF INVESTIGATION, et al. | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER GOVERNING ACCESS TO, HANDLING OF, AND DISPOSITION OF ATTORNEYS' EYES ONLY INFORMATION

Upon consideration of the Parties' Joint Motion for Protective Order, the Court hereby enters this Protective Order Governing Access to, Handling of, and Disposition of Attorneys' Eyes Only Information (the "AEO Order") exchanged in the above-captioned matter (this "Litigation"), IT IS HEREBY ORDERED:

1.      For purposes of this Order, the "Attorneys' Eyes Only Information" (the "AEO Information") shall include and pertains solely to certain information the FBI has determined to be subject to the law enforcement information privilege, including the May 15, 2017 document, referenced in the Complaint, from the Federal Bureau of Investigation to various financial institutions, as well as a redacted version of the document submitted as an attachment to the May 15, 2017 document. AEO Information does not cover all of the privileged law enforcement information at issue in this litigation, but rather only that which the FBI has determined can be disclosed to Plaintiffs' attorneys of record without compromising the FBI's law enforcement or investigative interests. No information subject to the law enforcement privilege shall be disclosed over the Defendants' objection.

2.      The Defendants will identify any document filed, produced, or used in connection with this litigation that the Defendants have concluded contains AEO Information by marking it "AEO" or "Subject to AEO Protective Order." By designating a document, thing, material, testimony or other information derived therefrom as "AEO" or "Subject to AEO Protective Order" under the terms of this Order, Defendants are certifying to the Court that there is a good faith basis in law or fact for the designation of this material as subject to the protections of this Order at that time.

3.      The AEO Information may be disclosed outside of the United States Government only to the following persons: (a) attorneys of record for the Plaintiffs in this case, and (b) this Court and its support personnel who are involved in this case.

4.      Except as provided herein, no person having access to the AEO Information under paragraph 3(a) above shall use or disclose the AEO Information for any purpose other than prosecuting this action.

5.      Except as otherwise provided herein, no person having access to the AEO Information pursuant to paragraph 3(a) above shall make any disclosure of the AEO Information. The attorneys of record for Plaintiffs may not disclose the AEO Information to Plaintiffs.

6.      AEO Information shall not be disclosed in open court proceedings. Plaintiffs may not disclose or use AEO Information in open court, whether orally or through documents, without first obtaining the written consent of the Department of Justice.

7.      Any documents, pleadings, briefs, or other materials, including any transcript of testimony given in a deposition or in other pretrial or trial proceedings containing AEO Information shall be filed publicly with the AEO Information redacted.

8.      An inadvertent or unwitting failure to designate or mark qualified information or documents does not, standing alone, waive the Defendants' right to secure protection under this

Order for such material. Should it come to Defendants' attention that they may have inadvertently failed to designate material as AEO Information, or that AEO Information may have been disclosed without Defendants' having an opportunity to designate it, the Defendants may review any Document to reassess whether it contains any such information. To the extent Defendants determine that the Document does contain AEO Information, Defendants shall apply the procedures of this Order to mark the document, which will thereafter be subject to the protections of this Order.

9.      The protections conferred by this Order cover not only documents produced and marked "AEO," or "Subject to AEO Protective Order," but also (1) all copies or excerpts of AEO Information; and (2) any testimony, conversations, or presentations involving the parties, their counsel, or the Court that have discussed or will discuss AEO Information. To the extent Plaintiffs' counsel creates any such documents, Plaintiffs' counsel must mark that document as "AEO" or "Subject to AEO Protective Order."

10.     Testimony given in a deposition or in other pretrial or trial proceedings may also be identified on the record as subject to the AEO protective order. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Defendants may invoke on the record a right to have up to 45 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 45 days shall be covered by the provisions of this Order. Alternatively, Defendants may specify, at the deposition or up to 45 days afterwards if that period is properly invoked, that the entire transcript shall be treated as subject to this Order.

11.    To the extent there is a dispute concerning whether information constitutes AEO Information, the party raising the dispute shall request a meet and confer in an attempt to resolve the dispute consensually.  If the Parties fail to reach agreement, the party raising the objection may contact the Court for a briefing schedule.  Pending judicial resolution of such a dispute, no information shall be disclosed over the Defendants' objection.

12.    Nothing in this Order obligates the parties to produce any information, or waives the applicability of privileges with respect to any information.  Nothing in this Order permits the use of AEO Information at trial.

13.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the parties agree otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

14.    Each party reserves the right to move to modify the terms of the AEO Order at any time, and each party reserves the right to oppose any motion to modify the terms of the AEO Order.

15.    The Party or person responsible for an unauthorized disclosure shall make every effort to obtain the return of the AEO Information (including, without limitation, from the person to whom the unauthorized disclosure was made and from any other person to whom AEO Information was transmitted as a direct or indirect result of the unauthorized disclosure) and to prevent further disclosure on its own part or on the part of any person to whom the unauthorized disclosure was made.

4

16.    Any violation of the terms of this Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of Court.  Any breach of this Order may also result in the termination of access to AEO Information by the Defendants.

**SO ORDERED.**

Dated:  8/2/17

RICHARD J. LEON
UNITED STATES DISTRICT JUDGE